MOLLIE EDWARDS, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals. Argued and Submitted June 3, 1912. Opinion Filed July 2, 1912.

1. WITNESSES: Competency: Privileged Communications: Physician and Patient: Waiver. Section 6362, Revised Statutes 1909, making a physician incompetent to testify as to certain information acquired from a patient while attending him in a professional character, creates a disqualification which the patient may waive but cannot be compelled to waive.

2. ——: ——: ——: ——: ——. In an action for personal injuries, *held* that plaintiff did not, by the testimony she gave at the trial, waive her attending physician's incompetency to testify against her under section 6362, Revised Statutes 1909.

3. ——: Failure to Call: Physician and Patient: Instructions. *Quaere*, whether, in an action for personal injuries, where the plaintiff fails to call as a witness the physician who attended her, the defendant is entitled to have the jury instructed concerning such failure.

4. APPELLATE PRACTICE: Questions Reviewable: Ruling Favorable to Appellant. In an action for personal injuries, where plaintiff failed to call her attending physician as a witness, and the court refused an instruction offered by defendant that such failure was a strong circumstance against plaintiff, but gave one as favorable to defendant as the circumstances would permit, and defendant alone appealed, the appellate court will not decide whether or not any instruction should have been given on such subject.

5. INSTRUCTIONS: Refusal: Covered by Other Instructions. Where a requested instruction is covered, so far as correct, by another given, there is no error in refusing it.

6. WITNESSES: Failure to Call: Physician and Patient: Instructions. In an action for personal inuries, a requested instruction, that plaintiff's failure to call her attending physician to testify to the extent of her injuries might be considered by the jury as a "strong circumstance" against her, was properly refused.

7. APPELLATE PRACTICE: Theory in Trial Court: Binding Effect. In an action for personal injuries, where defendant

did not suggest in the trial court that plaintiff had waived the incompetency of her attending physician to testify against her, but asked the court to require plaintiff to waive her right, and, on that request being denied, placed the physician on the stand as a witness and asked him questions which were excluded on the ground they called for a privileged communication, and defendant did not then suggest that the privilege had been waived by plaintiff, the question of whether or not there was such waiver was not reviewable on appeal, under the rule that a party will not be allowed to assume, in the appellate court, an attitude inconsistent with that taken by him in the trial court.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

AFFIRMED.

*W. F. Evans, Moses Whybark* and *A. P. Stewart* for appellant.

(1) The court erred in overruling defendant's motion to require plaintiff to produce her attending physician as a witness for her. Smart v. Kansas City, 91 Mo. App. 593; Evans v. Trenton, 112 Mo. 403; McClanahan v. Railroad, 147 Mo. App. 410; Reyburn v. Railroad, 187 Mo. 575; 11 Am. & Eng. Ency. Law (2 Ed.), p. 503; 22 Am. & Eng. Ency Law (2 Ed.), p. 1261. (2) Plaintiff testified as to the examination made by said physician, and his treatment of her. She thereby waived the privilege of the statute, and said physician became a competent witness for the defendant. The court erred in excluding the testimony of said physician offered by the defendant. Sec. 6362, R. S. 1909; Webb v. Railroad, 89 Mo. App. 604; Highfill v. Railroad, 93 Mo. App. 223; Holloway v. Kansas City, 184 Mo. 44. (3) The court erred in refusing instruction No. 13, requested by defendant, and in giving of its own motion instruction No. 13a. Authorities cited under point 1.

*Ward & Collins* and *B. L. Guffy* for respondent.

(1) Though a physician called to attend upon a plaintiff professionally may learn all about the nature of his injuries or the disease said to have followed therefrom, and on one else may know so well as he, yet the plaintiff need not call him as a witness, and if he does not do so, no unfavorable inference should be drawn therefrom. Arnold v. Maryville, 110 Mo. App. 254; Lane v. Railroad, 21 Wash. 119; Bank v. Lawrence, 77 Minn. 282. (2) Appellant contends that plaintiff waived the privilege of the statute and said physician became a competent witness for the defendant. We maintain that these two positions are diametrically opposed to each other. In position 1, appellant contends that plaintiff should be made by the circuit court to waive her statutory right, and the court erred in refusing to require plaintiff to waive her statutory right; while in position 2 appellant says plaintiff did waive this right, and the court erred in not letting plaintiff's physician testify because plaintiff had waived her statutory right. The appellant cannot, upon an appeal, assume an attitude inconsistent to that taken by him on the trial. Tomlinson v. Ellison, 104 Mo. 105; Steele v. Johnson, 96 Mo. App. 147; Heiman v. Larkin, 108 Mo. App. 396.

REYNOLDS, P. J.—This is an action for personal injuries alleged to have been sustained by plaintiff, a passenger on one of defendant's trains, while alighting therefrom at Hayti, a station on the railroad. The acts of negligence alleged in the petition are that while plaintiff was in the act of alighting from the train at the station, the defendant company carelessly and negligently failed to stop and hold stationary the train at the station a reasonable length of time to permit plaintiff to alight, but carelessly and negligently caused the train to give a sudden start

while plaintiff was attempting to alight from it; that the station at which she was alighting was without lights; that it was dark.

It is further alleged that in attempting to alight plaintiff was thrown from the train and on to the platform, thereby greatly mangling, bruising and injuring her in her right leg and knee, breaking and tearing the ligaments of the knee and leg and breaking and fracturing the bones of the knee and greatly bruising her on her right arm and side. Making the usual allegations of pain and suffering and expenditure for physicians and alleging that the injury is permanent, plaintiff prayed damages in the sum of $10,000.

The answer, after a general denial, contains a plea of contributory negligence.

There was evidence at the trial tending to establish the facts connected with the happening of the accident. Plaintiff testifying on direct examination, stated that when she fell her knee went between the car and the platform and that threw all her weight on her right side; she thought when she was assisted to her feet that she could walk home but she had to be picked up and helped over to a store where bystanders procured a buggy and took her home. She testified that the effect on her right knee was such as to cripple her for life. For more than three months after the accident she had never walked a step; was in bed about three months, suffered pain with her knee, which was swollen as large as a gallon bucket and very black, walked on crutches for a month and from that time on had not been able to bend her knee; her knee was not in that condition before she received the injury; it is so stiff now that she cannot move it at all. The kneecap was fractured and except this injury to the knee, although she was skinned and bruised, she sustained no other hurt. Has three children that she supports. She further testified that a Dr. Troutman was the physician who had attended her; does not know exactly how

many trips he made, sometimes he came twice a week; made the visits immediately after the injury and dressed the knee and bound it up. When in this condition she was required to lie on her back; her knee was in such shape that she could not turn over; that the injury was caused by the jerking of defendant's train and her fall; that her knee swelled up and got stiff; that she could not bend it any more and that it is still in that condition. Is thirty-five years old and her avocation is that of washing and ironing.

On cross-examination plaintiff testified that she had had rheumatism some three years before the trial but not to such an extent as to cripple her any, although it had swollen her knee joint. She further testified under cross-examination that she sent for Dr. Troutman immediately; supposed he had made an examination of her knee; said she was injured.

All the testimony in the case as to the nature and extent of the injury was by plaintiff herself, except that other witnesses testified to seeing the accident; to picking her up and assisting her to the store, one of them testifying that she could not take a step; that he had to carry her to the store. Witnesses also testified that they had seen her before the accident and had never noticed that she was crippled; that they knew she had been laid up in bed on account of the injury for five weeks or so, and that she walks with a limp, but no physician testified as to treatment or as to the extent of the injury.

At the conclusion of plaintiff's testimony counsel for defendant, calling the attention of the court to the fact that the evidence disclosed that Dr. Troutman was the physician who had treated plaintiff for her injury and that Dr. Troutman was now present in the court room and was present when plaintiff closed her case and had been in attendance in the court throughout the trial, asked the court to have plaintiff produce Dr. Troutman in court and place him on the stand as a

witness for her in this case, ''so that the bar of the statute will be waived, and the defendant have full opportunity to examine him concerning the injuries he treated plaintiff for, and his knowledge of her condition when he treated her, and the effect of the injury, if any she received, had in disabling her.'' Counsel further remarked: ''Plaintiff declines to produce him (Dr. Troutman) and closes her case. Defendant now requests the court to require the plaintiff to introduce the said physician relative to the injury for which he treated her.'' The court denied the application, defendant excepting.

Defendant thereupon introduced evidence tending to prove that plaintiff had limped more before she claimed to have met with the accident than she had since; that she walked about the same. Defendant then called Dr. Troutman, the physician before referred to, who testified he was a practicing physician; that he had been called on to treat plaintiff for an injury to her knee. He was asked what examination he made of her, and if he had discovered in examination, if he made one, any physical disability which was not necessary for him to perceive on the occasion in order to properly treat plaintiff for the injury which he had been called upon to treat her for. All of these questions were objected to on the statutory ground, the objection sustained and defendant excepted. The physician was then asked if he knew any facts concerning plaintiff's physical condition that were not obtained by him while the relation of physician and patient existed. He answered that he had seen her on the street and had noticed her walking in a crippled condition; that she walked crippled; has observed her since the accident and she seemed to be about the same as before. At the conclusion of the evidence defendant offered a demurrer to the evidence which was overruled, defendant excepting.

166 Mo. App.—28

At the instance of plaintiff the court gave five instructions which it is unnecessary to notice as no complaint is made of them. At the instance of defendant the court gave twelve instructions and refused one numbered 13 which was in this form:

"You are further instructed that it is admitted by the plaintiff that Dr. T. J. Troutman was the physician who treated her for her injuries, and that he has been present in this court room as a witness in this cause, and the plaintiff has failed to introduce him and examine him as to her alleged injuries, and you are authorized, in determining the issues in this case, to take this fact into consideration to be strong circumstance against the plaintiff in this case under the facts in evidence in this cause, issues and evidence in this cause."

The court refused this as asked but gave in lieu of it this:

"You are further instructed that it is admitted by the plaintiff that Dr. T. J. Troutman was the physician who treated her for her injuries, and that he has been present in this court room as witness in this cause, and the plaintiff has failed to introduce him and examine him as to her alleged injuries, and you are authorized in determining the issues in this case to take this fact into consideration and give it such weight as you may deem it entitled to receive in determining the seriousness of the injury sustained by plaintiff, if any injury she did receive."

Defendant excepted to the refusal of the court to give its instruction No. 13 and to the giving of the last mentioned instruction of its own motion. The jury returned a verdict in favor of plaintiff for $1500. Motion for new trial and in arrest were filed, overruled and exceptions saved and the cause duly appealed by defendant.

The only errors assigned before us by counsel for defendant are to the action of the court in over-

ruling defendant's motion to require plaintiff to pro-
duce her attending physician as a witness for her;
that plaintiff having testified as to the examination
made by the physician and his treatment of her
thereby waived the privilege of the statute and the
physician became a competent witness for defendant,
and that the court had erred in excluding the testi-
mony of the physician when offered by defendant;
finally, that the court had erred in refusing instruc-
tion No. 13, requested by defendant and giving of its
own motion the instruction in lieu thereof before set
out.

We might very summarily dispose of this case by
saying that none of these assignments are well taken,
and that none of the authorities cited by the learned
counsel for defendant sustain them. Our statute, sec-
tion 6362, Revised Statutes 1909, provides that a phy-
sician or surgeon is incompetent to testify "concern-
ing any information which he may have acquired
from any patient while attending him in a profession-
al character, and which information was necessary
to enable him to prescribe for such patient as a physi-
cian, or do any act for him as a surgeon." It has al-
ways been held under this statute that this is a dis-
qualification which the patient is at liberty to waive.
We know of no case that has ever held that the plain-
tiff could be compelled to waive this. In some cases
it has been held that the patient had lost the benefit
of the waiver by her acts or testimony in the case. If
the question of waiver is in this case, we do not think
that there had been any waiver. All that by any pos-
sibility can be construed into that was brought out in
cross-examination by counsel for defendant; and we
have set that out. The cases construing this clause of
the statute have been very fully collated by the respec-
tive counsel and will undoubtedly appear in the report
of this case. It would be a mere work of supereroga-
tion for us to recite or analyze them. Particular reli-

ance is placed by counsel on the opinion of this court in McClanahan v. St. Louis & S. F. R. Co., 147 Mo. App. 386, 126 S. W. 535. It is true that in commenting on the facts in that case this court said that the failure to produce the attending physician and a member of the household, who was in the house when plaintiff came home immediately after the accident, was a strong circumstance against her. That remark was made, however, with the distinct statement (l. c. 413) that the matter of the failure to produce certain witnesses, among them surgeons who had attended the party immediately after she claimed to have been injured, was mentioned, "not in decision of the case, but as support for the view which we take of it, that in connection with the physical facts which are testified to beyond contradiction, the absence of this testimony of these physicians, as well as of the young man, . . . under the peculiar facts in this case, does make against the plaintiff." In the McClanahan case we held that the testimony of the injured party as to the character of her injury and her acts subsequent to that injury, were so contrary to known laws of nature as testified to by all the professional witnesses, that it would require very positive testimony to show an exception or suspension of those laws, and that as the case made by the injured party grafted an exception on these physical laws, it devolved upon the party injured to produce the best possible evidence to sustain her claim, and that this best evidence undoubtedly would have been the testimony of the surgeons who had attended her immediately after she claimed to have sustained the injury. In the case at bar no such facts are present. The plaintiff's own description of her injury, its extent and character, were all within known physical rules, and were not of such a character as required expert testimony in confirmation of her statements. No necessity existed in the case at bar for expert professional testimony. Plaintiff's inju-

ries and the result were open to the observation of any one. Whether plaintiff's account of the accident and its results was true, rested on the credence given her testimony by the jury, and the jury were properly instructed on the rule as to the weight to be given the testimony.

Whatever advantage defendant was entitled to by the failure of plaintiff to produce the physician as a witness was fully granted to it by the instruction given by the court of its own motion as a substitute for one covering the same proposition. We have very grave doubt as to whether the facts in this case called for any instruction of this character. Defendant here is the appellant; plaintiff below is the respondent and has not appealed. The only error assigned here is to refusing this instruction as asked. Any determination of this proposition which we might make would be without a hearing upon it from both parties. Hence we do not feel called upon here and now to determine whether any such instruction or instruction of like character is ever proper in any case, or should have been given in this case. The question is so doubtful that in the absence of aid from counsel for each of the parties by way of argument and citation to authority, we do not care to enter into a consideration of it. Learned counsel for appellant have gone into it quite fully, but that presents but one side of the question. Considering the assignment of the learned counsel for appellant, that it was error to refuse their thirteenth instruction as asked and to substitute for it the one given by the court of its own motion, we hold that defendant, having had the proposition submitted to the jury in a form very favorable to it, is in no position to complain. In the form asked, the instruction was wrong. It undertook to tell the jury in so many words that "in determining the issues in this case, to take this fact (the fact of the failure to call this physician) into consideration to be strong circumstance

against the plaintiff in this case under the facts in evidence in this cause, issues and evidence in this cause.'' No intimation of this court or of the Supreme Court in any case has ever gone to the extent of that instruction and it was properly refused.

Counsel here make the point ·that by her answer to a question asked of her on cross-examination, plaintiff had testified that she had sent for the physician immediately after the accident; that she supposed he made an examination of her knee and had said she was injured. Whether counsel can elicit testimony on cross-examination and then claim it to be a waiver, we need not now determine, as no suggestion that there had been any waiver by plaintiff of her privilege as to the physician was made in the trial court; no point on waiver there made. The proposition there made was that plaintiff should be required to waive her statutory right and that she had failed to do so. That is inconsistent with any waiver. Even when defendant, in putting in its testimony, placed the physician on the stand as its witness, and interrogated him and objection was made to the physician testifying as to what examination he had made of plaintiff, no suggestion was made that plaintiff had waived her privilege. In fact no suggestion of waiver was at any time made in the trial court, even in the motion for a new trial, nor was that point in any manner called to the attention of the trial court. Our court, following the Supreme Court and in harmony with the decisions of the Kansas City Court of Appeals, has held in many cases that a party cannot upon appeal assume an attitude inconsistent with that taken by him on the trial.

We see no reason to disturb the verdict and judgment in this cause. The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.